# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO **CR20** **0097**

**CRB**

UNITED STATES OF AMERICA,

V.

TIMOTHY MULLIGAN,

DEFENDANT(S).

## INDICTMENT

VIOLATIONS:

21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Controlled Substance; 18 U.S.C. § 1347 – Health Care Fraud; 18 U.S.C. § 982 and 21 U.S.C. § 853(a) – Criminal Forfeiture Allegations

---

A true bill.

_____ Foreman

Filed in open court this ___27th___ day of

__February 2020__.

KAREN L. HOM

JOSEPH C. SPERO                    Clerk
UNITED STATES MAGISTRATE JUDGE

Bail, $ _no bail amt want_



AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**FILED**

---

**OFFENSE CHARGED**

21 U.S.C. 841(a)(1) & 841(b)(1)(C) (dispensing and distributing a Schedule II controlled substance without a legitimate medical purpose) (Counts One - Three)

18 U.S.C. 1347 (health care fraud) (Counts Four and Five)

PENALTY:   See Attachment A

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

---

**DEFENDANT - U.S**

FEB 27 2020

▶ Timothy Mulligan

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**DISTRICT COURT NUMBER**

CR20   0097   CRB

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   David L. Anderson

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Ross Weingarten

---

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:   Before Judge:

Comments:

**Attachment A**
**Indictment**
**United States v. Timothy Mulligan**

Counts 1 - 3          21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Distribution of Schedule II
                      Controlled Substances

Counts 4 and 5        18 U.S.C. § 1347 – Health Care Fraud

Counts 1 - 3: For each count, Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000
or twice the gain or loss; Minimum Supervised Release of 3 Years; Maximum Supervised
Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Forfeiture;
Mandatory and Discretionary Denial of Federal Benefits.

Counts 4 and 5:  For each count, Maximum 10 Years Imprisonment; Maximum Fine of $250,000
or twice the gain or loss; Maximum Supervised Release of 3 Years; Mandatory $100 Special
Assessment; Potential Deportation; Forfeiture; Restitution.

DAVID L. ANDERSON (CABN 149604)
United States Attorney

FILED

FEB 27 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CRB

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. **CR20    0097** |
| Plaintiff, | |
| v. | VIOLATIONS: |
| | 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Controlled Substance; |
| TIMOTHY MULLIGAN, | 18 U.S.C. § 1347 – Health Care Fraud; |
| Defendant. | 18 U.S.C. § 982 and 21 U.S.C. § 853(a) – Criminal Forfeiture Allegations |

INDICTMENT

The Grand Jury charges:

BACKGROUND

1.     During all times relevant to this indictment, the defendant, TIMOTHY MULLIGAN, was a practicing physician, with offices in San Mateo County, California, and licensed by the Medical Board of California (the Medical Board).  In response to a Medical Board survey, MULLIGAN identified his primary practice area as Oncology and his secondary practice area as Internal Medicine.  His license is identified as Physician's and Surgeon's Certificate Number G 85038.  His license is currently restricted. On or about February 21, 2020, he was placed on probation by the Medical Board, and certain terms and conditions concerning his medical practice were imposed.

2.     A substantial part of MULLIGAN's medical practice involved providing prescriptions for controlled substances (primarily opioids).  Counts One through Three below allege instances in which

INDICTMENT                                      1

MULLIGAN issued prescriptions for potent opioids (Oxycodone and Fentanyl) knowing and intending that the distribution of controlled substances facilitated by the prescriptions was outside the scope of professional practice and not for a legitimate medical purpose.

3.      MULLIGAN issued an unusually high total volume of prescriptions for potent opioids, including but not limited to Oxycodone and Fentanyl. For example, according to a state government database, from in or about August 2014 through in or about June 2018, MULLIGAN prescribed more than 9,000 prescriptions of opioids (totaling over 700,000 dosage units) to more than 250 patients. A very large percentage (at times approximately 90 percent) of MULLIGAN's patients received at least one prescription for an opioid. Overall, MULLIGAN predominantly prescribed the strongest strength prescription when prescribing Oxycodone, Hydrocodone, and Fentanyl. In certain instances, MULLIGAN issued prescriptions of opioids in quantities that significantly exceeded generally accepted daily quantities of that drug. Because of the anomalous pattern and volume of prescriptions issued by MULLIGAN, and other warning signs, certain pharmacies declined to fill prescriptions issued by MULLIGAN or restricted the types of MULLIGAN's prescriptions that they would fill.

4.      Some of the individuals who obtained medically unnecessary prescriptions from MULLIGAN used private insurance or Medi-Cal to cover their office visits or pay for the drugs; others paid with cash. As alleged in Counts Four and Five below, the insurance companies and Medi-Cal would not have paid for the office visits or paid out the pharmacy claims had they known the prescriptions were not medically necessary or were overprescribed.

<u>COUNT ONE:</u>      (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Fentanyl Outside the Scope of Professional Practice)

5.      The allegations contained in background Paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count One.

On or about March 15, 2017, in the Northern District of California, the defendant,

TIMOTHY MULLIGAN,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (otherwise known as fentanyl),

a Schedule II controlled substance, to R.G., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT TWO:          (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone and Fentanyl Outside the Scope of Professional Practice)

6.   The allegations contained in background Paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Two.

On or about August 12, 2015, in the Northern District of California, the defendant,

TIMOTHY MULLIGAN,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone and a mixture and substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (otherwise known as fentanyl), Schedule II controlled substances, to S.D., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT THREE:          (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Fentanyl Outside the Scope of Professional Practice)

7.   The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Three.

On or about January 31, 2018, in the Northern District of California, the defendant,

TIMOTHY MULLIGAN,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (otherwise known as fentanyl), Schedule II controlled substances, to A.Z., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

INDICTMENT                                              3

1   COUNT FOUR:        (18 U.S.C. § 1347 – Health Care Fraud)

2        8.      The allegations contained in background paragraphs 1 through 4 of this Indictment are

3   hereby realleged and incorporated by reference into Count Four.

4             On or about March 15, 2017, in the Northern District of California, the defendant,

5                                    TIMOTHY MULLIGAN,

6   did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a health

7   care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b),

8   namely, Medi-Cal, all in connection with the delivery of and payment for health care benefits, items, and

9   services, and did for the purpose of executing and attempting to execute said fraudulent scheme,

10  knowingly and willfully submit and cause to be submitted to Medi-Cal, and to be paid by Medi-Cal, a

11  false and fraudulent claim relating to patient R.G., in violation of Title 18, United States Code, Section

12  1347.

13  COUNT FIVE:        (18 U.S.C. § 1347 – Health Care Fraud)

14       9.      The allegations contained in background paragraphs 1 through 4 of this Indictment are

15  hereby realleged and incorporated by reference into Count Five.

16            On or about May 26, 2015, in the Northern District of California, the defendant,

17                                    TIMOTHY MULLIGAN,

18  did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a health

19  care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b),

20  namely, Cigna, all in connection with the delivery of and payment for health care benefits, items, and

21  services, and did for the purpose of executing and attempting to execute said fraudulent scheme,

22  knowingly and willfully submit and cause to be submitted to Cigna, and to be paid by Cigna, a false and

23  fraudulent claim relating to patient S.D., in violation of Title 18, United States Code, Section 1347.

24  FORFEITURE ALLEGATIONS:        (18 U.S.C. §§ 981(a)(1)(C), 982(a)(7); 21 U.S.C. §  853; and 28
                                     U.S.C. § 2461(c) – Criminal Forfeiture)
25

26       10.     The factual allegations contained in background paragraphs 1 through 3 and Counts One

27  through Five of this Indictment are hereby re-alleged and fully incorporated as if set forth here, for the

28  purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and

INDICTMENT                                      4

982(a)(7), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

11.    Upon conviction for any of the offenses alleged in Counts One through Three, the defendant,

TIMOTHY MULLIGAN,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds that defendant obtained, directly or indirectly, as the result of such violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to his license to practice as a physician in California.

12.    Upon a conviction of any of the offenses alleged in Counts Four and Five, the defendant,

TIMOTHY MULLIGAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c), all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to a sum of money equal to the gross proceeds obtained as a result of the offense.

If any of the property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All in violation of Title 18, United States Code, Sections 982(a)(7) and 982(a)(7); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c); and Rule 32.2 of

//

1   the Federal Rules of Criminal Procedure.

2

3   DATED:                                    A TRUE BILL.

4        2/27/2020

5                                             _____
                                              FOREPERSON
6

7   DAVID L. ANDERSON
    United States Attorney
8

9   _____

10  ROSS WEINGARTEN
    Assistant United States Attorney
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                          6